<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4017**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PAUL DEWAYNE DORSEY, a/k/a Little Dorsey,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:09-cr-00468-PJM-13)

Submitted: July 28, 2016        Decided: August 3, 2016

Before GREGORY, Chief Judge, DUNCAN, Circuit Judge, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jenifer Wicks, LAW OFFICES OF JENIFER WICKS, Takoma Park, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Joseph R. Baldwin, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Dewayne Dorsey pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, 21 U.S.C. § 846 (2012), and being a felon in possession of a firearm, 18 U.S.C. § 922(g) (2012). He was originally sentenced to 137 months' imprisonment — the top of the advisory Guidelines range. This court later vacated Dorsey's sentence and remanded to the district court for re-sentencing after one of his prior state court convictions was vacated. The district court re-sentenced Dorsey to 105 months' imprisonment — the top of the agreed-upon advisory Guidelines range — followed by four years of supervised release (the statutory mandatory minimum). Dorsey appeals, claiming that his sentence is substantively unreasonable because the district court failed to adequately take into account his post-conviction rehabilitation. We affirm.

We review Dorsey's sentence for procedural and substantive reasonableness, "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. Id. at 51. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances." Id. We presume that a

2

sentence within a properly calculated Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

Dorsey concedes that the district court did not err in calculating his advisory Guidelines, but he contends that his sentence is substantively unreasonable. Having reviewed the record, we conclude that Dorsey has not made the showing necessary to rebut the presumption that his within-Guidelines sentence is reasonable. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED